UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                           :

CP III RINCON TOWERS, LLC,                     :

                          Plaintiff,                   :
                                                  :         10-CV-4638 (JMF)
            -v-                                    :
                                                  :      MEMORANDUM OPINION
RICHARD D. COHEN,                              :          AND ORDER

                       Defendant.                :

------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       With trial in this case set to begin December 13, 2021, Plaintiff CP III Rincon Towers, LLC ("CP III") moves *in limine* for an order declaring that Defendant Richard Cohen is collaterally estopped from contesting at trial issues that were decided in a previous action in California. *See* ECF No. 181 ("Pl.'s Mem."), at 1-3; ECF No. 182-1 ("CA Statement of Decision").[1] In his opposition, Cohen argues that CP III's claims are barred entirely by its failure to plead those claims as cross-claims in the preceding action in California. *See* ECF No. 187 ("Def.'s Mem."), at 3-7. The Court assumes familiarity with the relevant background facts, which are laid out prior opinions of the Court. *See CP III Rincon Towers, Inc. v. Cohen*, 13 F. Supp. 3d 307, 310 (S.D.N.Y. 2014) (Batts, J.) (ECF No. 103), *vacated and remanded*, 666 F. App'x 46 (2d Cir. 2016) (ECF No. 107). For the reasons that follow, CP III's motion is GRANTED in part and DENIED in part, and Cohen's argument is rejected.

---

[1]    As CP III's initial memorandum of law does not contain page numbers, references to page numbers are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

## WHETHER CP III'S CLAIMS ARE BARRED

The Court begins with Cohen's argument that CP III's claims are barred in their entirety because they were not asserted as cross-claims in the California action. The argument is without merit as a matter of both procedure and substance. First, as a matter of procedure, "an *in limine* pleading" — much less a memorandum of law in opposition to such a pleading — "is generally not the appropriate vehicle for effecting dismissal of entire claims." *New Am. Mktg. FSI LLC v. MGA Ent., Inc.*, 187 F. Supp. 3d 476, 481 (S.D.N.Y. 2016); *see also Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866 (JMF), 2014 WL 7392905, at *8 (S.D.N.Y. Dec. 29, 2014) (denying the defendants' motions *in limine* where, "although they nominally s[ought] exclusion of evidence, they [were], in reality, requests for judgment as a matter of law on aspects of [the] [p]laintiff's claims" and they "could have raised those arguments on summary judgment, but failed to do so"). Second, as a matter of substance, Cohen's argument fails because he was not an actual party to the California action and that action involved a different cause of action. The former is fatal to Cohen's reliance on Section 426.30 of the California Code of Civil Procedure, which provides that "*a party* against whom a complaint has been filed" must "allege in a cross-complaint any related cause of action which . . . he has against the plaintiff." Cal. Civ. Proc. Code § 426.30 (emphasis added); *see Banerian v. O'Malley*, 42 Cal. App. 3d 604, 612 (Ct. App. 1974) ("*Except as between plaintiffs and defendants*, there is no compulsory cross-complaint in California procedure . . . . Rather, a cross-complaint is permissive *as between . . . parties and nonparties*." (emphases added) (citation omitted)).[2] And both are fatal to Cohen's reliance on

---

2   As both parties agree, the effect of the California decision is governed by California law. *See* Pl.'s Mem. 9-10; Def.'s Mem. 2; *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000) ("To determine the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state.").

the doctrine of res judicata.  *See, e.g.*, *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (noting that res judicata applies only if the second suit "involves . . . the same cause of action").  The California action involved a claim by the borrowers against CP III for breach of the loan agreement; this action involves a claim by CP III against Cohen, the borrowers' principal, for breach of a different agreement, the Guaranty.

      Cohen's argument that he should be treated as a party to the California action because the California court later deemed him to be a judgment debtor as an alter ego of the borrowers, *see* Def.'s Mem. 6-7, is unavailing.  True, some courts have concluded that "[t]here is not a bright line rule as to the application of Cal. Code Civ. Proc. § 426.30 when there is some variation between the parties who are named as defendants and those who would be named as defendants in a cross-complaint in two separate actions."  *Marina Vape, LLC v. Nashick*, No. 16-CV-01028 (JAK), 2016 WL 9086939, at *7 (C.D. Cal. May 6, 2016) (declining to address whether limited liability companies and their owners were the same party for purposes of Section 426.30).  But here, it would make little sense to treat Cohen and the borrowers as a single party for the purposes of CP III's claims based on the Guaranty.  Although Cohen was ultimately found to be an alter ego of the borrowers in the California proceeding, there is no authority for the proposition that CP III could have asserted a cross-claim in that action against *the borrowers* for breach of the *Guaranty*.  Indeed, concluding that CP III was required to do so would pervert the function of a guaranty, which is to provide a lender with recourse to an entity *other than the borrower* in the event of a default.  *See, e.g.*, *Rojas v. First Bank Nat. Ass'n*, 613 F. Supp. 968, 971 (E.D.N.Y. 1985) ("The very purpose of a guaranty is to assure the lender that in the event the borrower defaults, the lender will have someone to look to for reimbursement.").

      For these reasons, the Court rejects Cohen's argument that CP III's claims are barred.

### CP III'S MOTION FOR COLLATERAL ESTOPPEL

With that, the Court turns to CP III's motion for collateral estoppel. At the outset, it is not clear whether CP III seeks to preclude re-litigation of anything other than the facts set forth on pages 20 to 21 of its initial memorandum of law, those set forth in paragraph one of its Proposed Findings of Fact and Conclusions of Law, and those set forth in the parties' Joint Statement of Issues to be Tried. *Compare* Pl.'s Mem. 2 (moving for an order precluding Cohen "from offering *any* argument, evidence, or testimony that is contrary to . . . the factual findings" in the California action (emphasis added)), *with* ECF No. 194 ("Pl.'s Reply"), at 4 ("CP III identified this list [on pages 20-21 of its initial memorandum] as the issues to be barred . . . ."), ECF No. 185 ("Pl.'s PFFCL"), ¶ 1 (setting forth three "factual findings" that were "resolved following trial in the California Action . . . and must be treated as conclusive" here), ECF No. 165-1 ("Joint Statement"), § I.D-G (identifying four facts CP III contends have been "resolved in its favor"). To the extent it does, the motion is denied, as collateral estoppel "bars the relitigation of *specific issues* that were actually litigated in an earlier proceeding," *Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 531 (Ct. App. 2008), and "[t]he party asserting collateral estoppel bears the burden of showing what the prior judgment determined," *Banga v. First USA, NA*, No. 10-CV-0975 (SBA), 2013 WL 12324701, at *4 (N.D. Cal. Mar. 29, 2013) (applying federal law).

Second, CP III's motion is denied as moot with respect to facts that are not in dispute. For example, CP III contends that Cohen should be barred from disputing "that Borrowers failed to satisfy the conditions precedent for an extension of the Loan, and that the Loan was in default as of June 2009, when the Loan was not paid in full." Pl.'s Mem. 21. But the parties have stipulated to these facts. *See* ECF No. 167-1 ¶ 56; Def.'s Mem. 13-14. Similarly, CP III asserts that collateral estoppel applies to the conclusion that "Borrowers failed to deliver to Lender

certain items required for reporting, including monthly and year-to-date operating statements (including capital expenditures) . . . and information necessary to identify the financial position and results of the operation of the Property," Pl.'s Mem. 21, but CP III neglects to explain how that fact bears on the disputes in this case. Accordingly, CP III's motion is denied as moot as to these issues.

But CP III is on firm ground seeking to preclude re-litigation of two specific issues identified in its motion. First, Cohen is collaterally estopped from contesting that the borrowers, the plaintiffs in the California action, breached the loan agreement by, among other things, "'failing to pay the Master Association fees that were due, failing to pay other vendors when due, and allowing those non-payments to mature into liens encumbering the Property without Lender's prior written consent'" and that the lender did not tell the "Borrowers . . . 'that the liens were acceptable or that the lender had approved the liens.'" Pl.'s Mem. 20 (quoting CA Statement of Decision 18); *see also* Joint Statement § I.F; PFFCL ¶ 1(b). Second, Cohen is estopped from arguing that the lender's failure to assert the liens as an event of default prior to April 2010 modified the loan. *See* Pl.'s Mem. 20-21 ("'[A]ny modification to the Loan Agreement was required to be in writing. The fact that the Lender did not assert the liens as an event of default until April 2010 is not dispositive.'" (quoting CA Statement of Decision 18-19)); *see also* Joint Statement § I.G; PFFCL ¶ 1(c). Each of these issues is in dispute here, *see* ECF Joint Statement § I.F, § I.G, was litigated and decided in the California action, and meets the other requirements for collateral estoppel under California law. *See, e.g.*, *DKN Holdings*, 352 P.3d at 387 (noting that collateral estoppel may be applied where there is a "(1) . . . final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party");

*Lucido v. Superior Ct.*, 795 P.2d 1223, 1226-27 (1990) (noting that, under California law, courts must also consider whether "the public policies underlying collateral estoppel" — including "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation" — would be served). Accordingly, CP III's motion as to these two issues must be granted.

As noted, CP III also points to two additional specific alleged factual findings made by the California court in its Proposed Findings of Fact and Conclusions of Law and in the parties' Joint Statement of Issues to Be Tried, which are not identified in its motion. The first is whether the lender failed to "properly fund monies to Rincon or improperly withhold Rincon's funds that could have been used by Rincon to cure and/or avoid the events" that allegedly triggered the Guaranty. *See* Pl.'s PFFCL ¶ (1)(a); Joint Statement § I.E. (same). The second is "[w]hether the REOA liens satisfied all of the prerequisites necessary to be valid liens." *See id.* § 1.D. The Court would be on firm ground denying CP III's motion as to these issues merely because it fails to discuss them in its motion papers. Nevertheless, in the interests of efficiency, and because Cohen had an opportunity to respond to these issues, the Court will address them. The Court concludes that the first issue meets the requirements for collateral estoppel, but the second does not. Although both issues are clearly in dispute here, *see* Joint Statement §§ I.E, I.D, only the first was actually addressed by the California court in the prior action. *See* CA Statement of Decision 21 (holding that the borrowers' "claimed breach of contract based on lack of funding" was "without merit"). By contrast, although the California court found that the borrowers "violated" the loan agreement "by failing to pay the Master Association fees that were due . . . and allowing those non-payments to mature into liens encumbering the Property," *id.* at 18, it is not clear from the decision alone if the question of whether the REOA liens satisfied all of the

6

prerequisites necessary to be valid liens was actually litigated, let alone decided. Accordingly, CP III's motion is granted as to the first issue, but not as to the second.

Notably, Cohen does not dispute that the California decision constitutes a final adjudication or that any of the issues CP III identifies were actually litigated or necessarily decided in the first suit. Nor does he (or could he) dispute that he is in privity with the plaintiffs in the California action. Instead, he contends that collateral estoppel should not apply because the California Court was addressing whether borrowers had breached the loan agreement and this action concerns the Guaranty. *See* Def.'s Mem. 9-12. That is, of course, true, and to be perfectly clear, Cohen may contend at trial that the Guaranty was not triggered because the lender's "course of conduct . . . establishes that . . . [it] did not interpret the Disputed Liens to trigger the Guaranty." Def.'s Mem. 11. But collateral estoppel applies where the *issues* are identical in the two actions, even if the causes of action are not. *See DKN Holdings LLC*, 352 P.3d at 386 ("Issue preclusion prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." (emphasis omitted)); *Lucido*, 795 P.2d at 1225 (clarifying that the "'identical issue' requirement" applies where "'identical factual allegations' are at stake in the two proceedings" even if "the two proceedings threaten petitioner with fundamentally different sanctions"). Thus, Cohen may *not* re-litigate the three *issues* identified above regarding the liens, which were already decided by the California court.

Cohen's remaining argument as to why collateral estoppel should not apply — because "'collateral estoppel does not apply where the two proceedings at issue have different burdens of proof . . . or where the burden of proof falls on a different party in each proceeding,'" Def's. Mem. 12-13 (quoting *People v. Esmaili*, 213 Cal. App. 4th 1449, 1463 (Ct. App. 2013)) — also falls short, because the burden is no different here. In the California action, the borrowers were

7

required to prove their own performance of the loan or excuse for non-performance as an element of their breach of contract claim. CA Statement of Decision 10. The California Court concluded that they had breached the agreement and that their breach was not excused. *Id.* In this proceeding, CP III argues that Cohen breached the Guaranty, and bears the burden of proof as to each element of its claims. But Cohen is estopped from asserting, in his own defense, arguments contrary to the factual findings outlined above in the California actions. *See Torrey Pines Bank v. Superior Ct.*, 216 Cal. App. 3d 813, 824 (Ct. App. 1989) (applying collateral estoppel against a guarantor in a breach of contract action brought by a lender, after the guarantor dismissed claims against the lender in a separate action, because "[t]he issues raised by [the defendant's] affirmative defenses in [the second case] [we]re identical to the issues adjudicated in [the first case]").[3] Finally, the Court notes that application of collateral estoppel is particularly appropriate here because Cohen anticipated that it would apply, stating in his Answer to CP III's claims in this proceeding: "Borrower's default under the Loan Documents[,] . . . a necessary condition precedent to Defendant's liability under the Guaranty[,] . . . is to be determined in the California Action." ECF No. 16 at 7.

---

[3]  The cases cited by Cohen for this point are easily distinguished because they involved a later proceeding with a *higher* burden of proof. *See Esmaili*, 213 Cal. App. 4th at 1463 (rejecting the petitioner's argument "that a finding of no probable cause equated to a finding of factual innocence"); *Wimsatt v. Beverly Hills Weight Loss Clinics Int'l, Inc.*, 32 Cal. App. 4th 1511, 1524 (Ct. App. 1995) (declining to apply collateral estoppel where "[t]he earlier litigation in federal court . . . imposed a heavy burden on the plaintiffs to show that they would be without a 'day in court' to escape the forum selection clause" whereas in the subsequent proceeding, "the burden [was] on the defendant to show that litigation in the contract forum will not diminish any of the plaintiffs' rights under California law"); *Bennett v. Rancho California Water Dist.*, 35 Cal. App. 5th 908, 911 (Ct. App. 2019) (declining to apply collateral estoppel where, "in a prior proceeding, a dispositive finding had been made, but only by imposing a lesser burden of proof on the party invoking collateral estoppel than that which would have been applied in the subsequent proceeding").

## CONCLUSION

For the reasons set forth above, the Court rejects Cohen's argument that CP III's claims are barred in their entirety, and it GRANTS in part and DENIES in part CP III's motion for collateral estoppel. In particular, the Court holds that Cohen is estopped from disputing the following factual findings that were made by the California court:

1. That the borrowers breached the loan agreement by, among other things, "failing to pay the Master Association fees that were due, failing to pay other vendors when due, and allowing those non-payments to mature into liens encumbering the Property without Lender's prior written consent" or approval, CA Statement of Decision 18.

2. That the agreement was not modified by the lender's failure to "assert the liens as an event of default until April 2010," and that liens were a breach of the agreement despite the lender's delay in asserting default, *id.* at 19-20.

3. That the lender did not improperly withhold funds from the borrowers that could have been used by the borrowers to avoid or cure the events that allegedly triggered the Guaranty, *see id.* at 21-22.

The Clerk of Court is directed to terminate ECF No. 180.

SO ORDERED.

Dated: December 6, 2021  
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　JESSE M. FURMAN  
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge